UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JEAN BROCKES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:10-CV-1888 (CEJ) |
| | ) | |
| DONALD ALEXANDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Defendants Donald Alexander and KLLM Transport Services, LLC ("KLLM") removed this action from the Circuit Court of Crawford County, Missouri, asserting jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332(a). In the petition, plaintiff alleges that defendant KLLM is a Mississippi corporation. In their joint answer and notice of removal, defendants state that KLLM is a limited liability company "organized and existing under the laws of the state of Mississippi whose corporate headquarters are located in Richland, Mississippi." The notice of removal further states that plaintiff is a resident of Missouri and defendant Alexander is a resident of Louisiana, and that the amount in controversy exceeds $75,000, exclusive of interest and costs.

In removed cases, the district court reviews the complaint or petition pending at the time of removal to determine the subject matter jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S.283 (1938). The district court may also look to the notice of removal to determine whether federal jurisdiction exists. See Jones & Laughlin Steel Corp. v. Johns-Manville Sales Corp., 626 F.2d 280, 282 n.1 (3d Cir. 1980). The party invoking the jurisdiction of the district court, bears the burden of proving that all prerequisites to jurisdiction are satisfied. See In re BusinessMen's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). This burden may be satisfied by allegations of each party's place of citizenship, including allegations of any

corporate party's state of incorporation and principal place of business. 28 U.S.C. §1332; see Sanders v. Clemco Industries, 823 F.2d 214, 215 (8th Cir. 1987). However, in the case of a limited liability company, allegations of the citizenship of each member are required to establish diversity jurisdiction. See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). Diversity must exist both when the state petition is filed and when the petition for removal is filed. Ryan v. Schneider Nat'l Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001) (citing 28 U.S.C. § 1447(e)).

The notice of removal contains no allegations regarding the citizenship of the members of KLLM. Therefore, the notice is insufficient to invoke the district court's diversity jurisdiction, and this action will be remanded to the state court.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall remand this action to the Circuit Court of Crawford County, Missouri from which it was removed.

                                                                                                        CAROL E. JACKSON
                                                                                                        UNITED STATES DISTRICT JUDGE

Dated this 22nd day of October, 2010.